UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAYSHAWN ANTHONY HOLLOWAY, ) <br> ) <br> Petitioner ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent ) | CAUSE NO. 3:10-CV-421 RM <br> (Arising out of 3:08-CR-66(01) RM) |

OPINION and ORDER

On July 25, 2008, Rayshawn Holloway pleaded guilty to two counts of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2, and, on October 30, was sentenced to concurrent terms of 120 months' imprisonment on each count and ordered to pay restitution in the amount of $8,351 and a special assessment of $200.00. The court of appeals dismissed Mr. Holloway's appeal on October 6, 2009. He is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Examination of Mr. Holloway's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. Mr. Holloway's plea agreement, signed by Mr. Holloway, his attorney David Wemhoff, and Assistant United States Attorney Donald Schmid contains the following language in paragraph 9(d):

> (d) I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines and this plea agreement. I agree that the court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, or any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Holloway now challenges his conviction and sentence based on his claims that (1) he received ineffective assistance of trial counsel because counsel (a) didn't file a motion to suppress statements given by his confederates, (b) didn't conduct interviews and investigate evidence, (c) didn't challenge the "disjoinder" of his confederates, and

2

(d) engaged in improper and unethical correspondence with the Assistant United States Attorney assigned to this case; (2) his sentence was improperly enhanced by stacking of multiple bank robberies; (3) the government didn't come forward with proof of FDIC insurance so the court lacked jurisdiction; (4) the sentencing guidelines are advisory so all enhancements may be challenged and vacated; and (5) he received ineffective assistance of appellate counsel based on counsel's filing of a brief under Anders v. California, 386 U.S. 738 (1967), rather than arguing errors in his case.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Holloway stated at his change of plea hearing that his plea was knowing and voluntary, that he had read and understood the terms of the plea agreement, that he told his counsel everything counsel needed to know to represent him in this case, that he had discussed the plea agreement with his counsel prior to the plea hearing, that he understood he was giving up his right to appeal or otherwise

3

challenge his sentence, and that he was satisfied with the representation his counsel had provided. At the plea hearing, Mr. Holloway also told the court about what he and his confederates did in committing the robberies at the Communitywide Federal Credit Union (in March 2008) and the National City Bank (in May 2008) and admitted that he was guilty of the charges in Counts 1 and 2 of the indictment.

Mr. Holloway's sworn statements at his change of plea hearing are presumed to be truthful when deciding whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Mr. Holloway's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Holloway during the plea colloquy, and Mr. Holloway acknowledged that he understood. Because Mr. Holloway's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

To the extent Mr. Holloway's claims relating to ineffective assistance of counsel could be construed as relating directly to the negotiation of the plea agreement, he can't succeed on his petition. "To prevail on his ineffective assistance claim, [Mr. Holloway] must demonstrate that his counsel's performance

4

fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Holloway] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Holloway] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Holloway hasn't alleged he wouldn't have pleaded guilty had counsel acted differently, United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005); he hasn't set forth any legal argument(s) his counsel could or should have raised in a motion to suppress the statements made by his confederates; he hasn't supplied "sufficiently precise information regarding the evidence that would have been obtained had his counsel undertaken the desired investigation, [or how] such information would have produced a different result," United States v. Farr, 297 F.3d 651, 658-659 (7th Cir. 2002); he has provided no legal support for his claim that his equal protection rights were violated when his confederates weren't charged as co-defendants in the Indictment; his belief that improper communications occurred between his trial attorney and the Assistant United States Attorney during plea negotiations is insufficient to establish any unethical "collusion" between counsel; nor has he outlined facts that could establish that

5

the proceedings were fundamentally unfair or the result unreliable, especially in light of his admission that he participated in the bank robberies at issue. Mr. Holloway hasn't demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Taylor v. Bradley, 448 F.3d at 948.

Mr. Holloway's remaining claims — that the government didn't prove that the banks were FDIC insured, his sentence was improperly based on "stacking" of multiple bank robberies, that enhancements to his sentence should be vacated because the sentencing guidelines are advisory, and that his appellate counsel didn't raise any of these arguments on appeal — don't relate to the negotiation of the waiver of his right to appeal, so those claims are foreclosed by his plea agreement, in which he expressly waived his right to appeal or challenge his conviction and sentence and the way in which the conviction and sentence were determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).

Mr. Holloway hasn't alleged that his counsel was ineffective in negotiating the plea or the waiver of his right to challenge his sentence contained in his plea agreement, Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000), and while a sentence greater than the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr.

Holloway's sentence didn't exceed the 20-year maximum for each violation of 18 U.S.C. §§ 2113(a) and 2.

Mr. Holloway isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 [docket # 69] is SUMMARILY DISMISSED.

SO ORDERED.

ENTERED:   October 19, 2010   


　　　　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.   
　　　　　　　　　　　　　　　　　　Judge, United States District Court


cc:　　R. Holloway
　　　　AUSA Schmid