UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYSHAWN ANTHONY HOLLOWAY, )
)
    Petitioner )
)
vs. ) CAUSE NO. 3:10-CV-421 RM
) (Arising out of 3:08-CR-66(01) RM)
UNITED STATES OF AMERICA, )
)
    Respondent )

OPINION and ORDER

On October 19, 2010, the court denied Rayshawn Holloway's petition under 28 U.S.C. § 2255 based on the waiver in his plea agreement of his right to appeal and file a § 2255 petition. The court determined that Mr. Holloway wasn't entitled to the relief he sought because his waiver of his right to collaterally attack his sentence was knowing and voluntary, he hadn't alleged that his counsel was ineffective in negotiating the plea or the waiver, his sentence didn't exceed the statutory maximum, and his other claims[1] didn't relate to the negotiation of the waiver of his right to appeal. Mr. Holloway is now before the court seeking reconsideration of the denial of his § 2255 petition in reliance on Federal Rule of

---

[1] Mr. Holloway's additional claims were that his trial counsel was ineffective for not filing a suppression motion and not properly investigating and interviewing witnesses, trial counsel's communication with the Assistant United States Attorney was unethical, the government didn't prove that the banks he robbed were FDIC insured, his sentence was improperly based on "stacking" of multiple bank robberies, enhancements to his sentence should be vacated because the Sentencing Guidelines are advisory, and his appellate counsel didn't raise any of these arguments on appeal.

Civil Procedure 59(e), which is applicable because Mr. Holloway's motion was filed less than twenty-eight days after entry of the order he's challenging.

A court may grant a Rule 59(e) motion to alter or amend a judgment "if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." County of McHenry v. Insurance Co. of the West, 438 F.3d 813, 819 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). "[A] Rule 59(e) motion is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." County of McHenry v. Insurance Co. of the West, 438 F.3d at 819.

Mr. Holloway claims that even though he told the court at his change of plea hearing that he understood the terms of the plea agreement, his "understanding of the waiver of his rights was understood to mean that he was waiving his rights to trial." Mr. Holloway maintains his counsel never explained the waiver provision to him; in fact, Mr. Holloway claims he "learned of this fact only after this court dismissed his § 2255 because of the waiver provision." Mr. Holloway concludes that his appellate rights should be reinstated and the court should reconsider the denial of his § 2255 petition.

At his change of plea hearing, Mr. Holloway stated that his plea was knowing and voluntary, that he had read and understood the terms of the plea agreement, that he told his counsel everything counsel needed to know to represent him in this case, that he had discussed the plea agreement with his counsel before the plea hearing, that he understood that he was giving up his right to appeal or otherwise challenge his sentence, and that he was satisfied with the representation his counsel had provided. *See* Op. and Ord. (Oct. 19, 2010), at 3-4. Despite having agreed to waive his right to appeal, Mr. Holloway filed an appeal. The court of appeals appointed counsel to represent him, and following appellate counsel's filing of a brief under Anders v. California, 386 U.S. 738 (1967), Mr. Holloway filed a *pro se* motion to dismiss the indictment and a "Response to Appellate Attorney Brief" (filed August 10, 2009 in Seventh Circuit Cause No. 08-3821), in which he asked the court of appeals to consider his argument that his sentence was unreasonable even though he had waived his right to challenge his sentence in his plea agreement. Mr. Holloway told the court of appeals that

> Since the government wouldn't offer me no plea agreement, I plead straight up to the district judge . . . . I never knew that by pleading straight-up that I waived all my rights. My attorney failed to explain what those rights meant. . . . I think this court would give me the chance to withdraw waiver of appeal rights and re-instate them.

Resp. to Appellate Brief, at 12-13. The court of appeals viewed Mr. Holloway's filings as supplements to the Anders brief and dismissed Mr. Holloway's appeal.

3

*See* United States v. Holloway, Seventh Circuit Cause No. 08-3821, Ord. of Oct. 6, 2009.

The records from this court and the court of appeals show that, contrary to Mr. Holloway's claim, he knew before the denial of his § 2255 petition that his plea agreement contained a waiver of the right to challenge his sentence. Mr. Holloway stated at his change of plea hearing that he understood the waiver provision – his "sworn statements at his change of plea hearing [that he understood he was giving up his right to challenge his sentence] are presumed to be truthful when determining whether his plea was knowing and voluntary," Op. and Ord. (Oct. 19, 2010), at 4 (*citing* Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000)) – and he specifically asked the court of appeals to disregard that waiver. Thus, Mr. Holloway's claim that he only learned about the waiver when this court denied his § 2255 petition isn't newly discovered evidence that was not available to him when he filed his original petition. Mr. Holloway hasn't established a manifest error of law or fact in the denial of his § 2255 petition and his motion for reconsideration [docket # 72] is DENIED.

SO ORDERED.

ENTERED:   November 16, 2010

　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Judge, United States District Court

cc:　　R. Holloway
　　　　AUSA Schmid